No. 67,792

In the Matter .of GERARD M. MCGHEE, *Respondent*.

(834 P.2d 379)

Opinion filed July 10, 1992.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance was made for respondent.

*Per Curiam:.* Gerard M. McGhee is an attorney at law whose last registration address with the Clerk of the Appellate Courts of Kansas is 819 North 9th Street, Kansas City, Kansas 66101.

Wyandotte-Leavenworth Legal Services, a division of Kansas Legal Services, Inc., administers a Volunteer Attorney Program. This program employs attorneys in private practice who agree to accept referrals for low income persons desiring a divorce. Legal Services collects the filing and attorney fees from the client and forwards the money to the attorney who has accepted the referral.

Respondent agreed to participate in the Voluntary Attorney Program and to represent persons referred to him for a divorce for $100 in attorney fees plus a $55 filing fee.

## COUNT I

JoAnn Locke was referred by Legal Services to respondent on June 5, 1989. On June 15, 1989, Legal Services forwarded a check in the amount of $155 to him. On August 10, 1989, respondent filed a divorce petition on behalf of Ms. Locke but took no other action thereafter. The case was dismissed on October 27, 1989, for lack of prosecution. Ms. Locke had no contact with respondent other than her initial meeting despite her numerous attempts to contact him.

## COUNT II

Lori Ann Smith was referred by Legal Services to respondent on September 7, 1989. On October 23, 1989, Legal Services forwarded a check in the amount of $155 to him. No petition was filed by respondent on behalf of Ms. Smith.

Respondent failed to respond to messages left for him by Legal Services and failed to refund the $155.

Legal Services offered to provide representation to Ms. Smith but she requested a refund of the $155. This money was paid to her by Legal Services from its emergency funds account.

## COUNT III

Tanya Williams was referred by Legal Services to respondent on February 27, 1989. On March 14, 1989, Legal Services forwarded a check in the amount of $155 to him. Divorce pleadings were prepared by respondent and signed by Ms. Williams. Thereafter, respondent told Ms. Williams he had lost the paperwork and made an appointment for her to meet with him to sign the documents again. Respondent did not keep the appointment and Ms. Williams had no further contact with respondent despite her numerous attempts to contact him.

Ms. Williams requested a refund of her money from Legal Services. Legal Services paid Ms. Williams the sum of $155 from the emergency funds account.

## COUNT IV

On August 12, 1991, the Disciplinary Administrator wrote to respondent, enclosing a copy of a letter of complaint and requesting a response within 10 days. No response was received.

On August 23, 1991, the matter was assigned for investigation to Karen L. Shelor. Ms. Shelor wrote to respondent on September 19, 1991, requesting that he contact her. This correspondence was returned to Ms. Shelor as undeliverable.

On October 3, 1991, Ms. Shelor wrote to the Clerk of the Appellate Courts requesting the current address for respondent. The address provided was 819 North 9th Street, Kansas City, Kansas 66101, the address to which the previous correspondence had been mailed.

Ms. Shelor next attempted to contact respondent by telephone at the number listed in the Kansas City, Kansas, telephone directory. The number did not belong to respondent.

Ms. Shelor then contacted respondent's former office but was unable to obtain any information on his whereabouts.

The hearing panel concluded there was clear and convincing evidence respondent violated the following:

1. MRPC 1.1 (1991 Kan. Ct. R. Annot. 228) in that the respondent failed to provide competent representation to a client.

2. MRPC 1.3 (1991 Kan. Ct. R. Annot. 232) in that respondent failed to act with reasonable diligence and promptness in representing a client.

3. MRPC 1.4 (1991 Kan. Ct. R. Annot. 234) in that respondent failed to keep a client reasonably informed about the status of a legal matter and did not comply with reasonable requests for information about the matter.

4. MRPC 8.4(c) (1991 Kan. Ct. R. Annot. 308) in that respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

5. Supreme Court Rule 207 ((1991 Kan. Ct. R. Annot. 149) in that the respondent failed to cooperate with the Disciplinary Administrator's office and its investigators.

The hearing panel considered the following aggravating circumstances:

1. On October 21, 1989, respondent was suspended from practicing law in the state of Kansas for failure to pay the required attorney registration fee.

2. On November 15, 1989, respondent was suspended from practicing law in the state of Kansas for failure to comply with the continuing legal education requirements required of all lawyers in the state of Kansas.

3. On May 24, 1991, respondent was indefinitely suspended from the practice of law in the state of Kansas for violating the following Model Rules of Professional Conduct:

a. MRPC 1.1 in that respondent failed to provide competent representation to a client.

b. MRPC 1.3 in that respondent failed to act with reasonable diligence and promptness in representing a client.

c. MRPC 1.4 in that respondent failed to keep a client reasonably informed about the status of a legal matter and did not comply with reasonable requests for information concerning the matter.

d. MRPC 8.4(c) in that respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

There was no evidence of any mitigating circumstances.

Because of the multitude of violations involved, the fact respondent failed to cooperate with the office of the disciplinary administrator, and for the additional reason the respondent is already indefinitely suspended, the panel recommended the respondent be disbarred from practicing law in the state of Kansas. We agree.

IT IS THEREFORE ORDERED that Gerard M. McGhee be, and he is hereby, disbarred from the practice of law in Kansas.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1991 Kan. Ct. R. Annot. 163), that this decision be published in the Kansas Reports, and that the costs herein be assessed to the respondent.